UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDA K. UNDERDAH,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Case No. 1:09-cv-1140

Honorable Robert Holmes Bell

**REPORT AND RECOMMENDATION**

        This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. Plaintiff filed her applications on October 19, 2005, alleging a June 30, 2004 onset of disability.[1] (A.R. 109-11, 688-91). Plaintiff's claims were denied on initial review. (A.R. 73-76, 694-97). On March 24, 2008, plaintiff received a hearing before an administrative law Judge (ALJ), at which she was represented by counsel. (A.R. 730-804). On August 8, 2008, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 13-29). On October 20, 2009, the Appeals Council denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision.

---

[1]SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n. 5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, November 2005 is plaintiff's earliest possible entitlement to SSI benefits.

On December 21, 2009, plaintiff filed her *pro se* complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. On April 19, 2010, plaintiff filed a one-paragraph brief supported by two exhibits: a December 3, 2008 "School/Work Note" and excerpts from the administrative hearing transcript. (docket # 9). Upon review, I recommend that plaintiff's implicit request that this matter be remanded to the Commissioner for consideration of new evidence under sentence six of 42 U.S.C. § 405(g) be denied. I further recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial

evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## **Discussion**

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act from June 30, 2004, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity on or after June 30, 2004. (A.R. 15). Plaintiff had the following severe impairments: "lumbar spine degenerative disc disease, carpal tunnel syndrome, depression (also diagnosed as bipolar disorder) and generalized anxiety disorder." (A.R. 16). The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 17). Plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). The claimant can lift and/or carry no more than twenty pounds occasionally and a maximum of ten pounds frequently; stand and/or walk no more than an aggregate of six hours in an 8-hour workday; and sit up to six hours in an 8-hour workday. The claimant needs a sit/stand "at will" option[] and is limited to occasional bending, stooping, climbing, crawling, crouching and kneeling. The claimant must avoid exposure of her upper extremities [to] vibration, and cannot be exposed to hazardous conditions. The claimant is further limited to work involving tasks that can be learned in less than 30 days with no more than simple work-related decisions, few work place changes, and no interaction with the public.

(A.R. 19). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (A.R. 19-27). Plaintiff was unable to perform her past relevant work. (A.R. 27). Plaintiff was 33 years old as of her alleged onset of disability and was 35 years old as of the date of the ALJ's decision. Thus, at all times relevant to her claims for DIB and SSI benefits, plaintiff was classified as a younger individual. (A.R. 28). Plaintiff has a high school education and is able to communicate in English. (A.R. 28). The ALJ found that the transferability of jobs skills was not material to a disability determination. (A.R. 28). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 11,500 jobs in Michigan's Lower Peninsula that the hypothetical person would be capable of performing. (A.R. 797-98). The ALJ found that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled.[2] (A.R. 13-29).

---

[2]Plaintiff had a 16-year history of methamphetamine abuse, but reported that she stopped using it on August 17, 2005. (A.R. 21, 216, 231-33, 353-55, 572-73, 576-79). Since 1996, the Social Security Act, as amended, has precluded awards of SSI and DIB benefits based upon alcoholism and drug addiction. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935; *see also Bartley v. Barnhart*, 117 F. App'x 993, 998 (6th Cir. 2004); *Hopkins v. Commissioner*, 96 F.

**1.**

Plaintiff states that her medical condition deteriorated after the ALJ entered his decision. The exhibit she offers in support of this argument is a December 3, 2008 "School/Work Note" signed by Richard Roach, M.D. (docket # 9-2 at ID # 31). The court cannot consider evidence that was not presented to the ALJ in the process of determining whether the ALJ's decision is supported by substantial evidence. It is clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The court is not authorized to consider Dr. Roach's December 3, 2008 "School/Work Note" in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996).

---

App'x 393, 395 (6th Cir. 2004). The claimant bears the burden of demonstrating that drug and alcohol addiction is not a contributing factor to her disability. *See Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007); *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *see also Zarlengo v. Barnhart*, 96 F. App'x 987, 989-90 (6th Cir. 2004). Because plaintiff was found not to be disabled, the ALJ was not required to decide the issue of whether substance abuse was material to a finding of disability.

Plaintiff's decision to attach Dr. Roach's note is considered an implicit request for a remand of this matter to the Commissioner under sentence six of 42 U.S.C. § 405(g) because the note can only be considered in that context. *See Foster v. Halter*, 279 F.3d at 357; *Cline*, 96 F.3d at 148; *Cotton*, 2 F.3d at 696. Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence she now presents is "new" and "material," and that there is "good cause" for her failure to present this evidence in the prior proceeding. *See Ferguson v. Commissioner*, No. 09-4387, __ F.3d __, 2010 WL 5185848, at * 6 (6th Cir. Dec. 23, 2010); *Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005).

Dr. Roach's note is new because it was created after the ALJ's decision. *See Ferguson v. Commissioner*, 2010 WL 5185848, at * 6. Plaintiff has not addressed, much less carried her burden of demonstrating good cause for failing to bring this record to the ALJ's attention. The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *Willis v. Secretary of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984). Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). The ALJ held that plaintiff was not disabled from June 30, 2004 through August 8, 2008. On December 3, 2008, Dr. Roach provided plaintiff with a note stating that she was "unable to return to work." (docket # 9-2 at ID # 31). The note is not supported by test results and Dr. Roach does not purport to assess plaintiff's condition at any time before December 3, 2008. His opinion that plaintiff is "unable to work" is not a medical opinion and it would not be entitled to any weight. The

issue of disability is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009); *see also Turner v. Commissioner*, 381 F. App'x 488, 492-93 (6th Cir. 2010). The proffered evidence is not material because it would not have reasonably persuaded the Commissioner to reach a different conclusion on plaintiff's claims for DIB and SSI benefits. I recommend that plaintiff's request for a remand pursuant to sentence six of 42 U.S.C. § 405(g) be denied.

## 2.

This case turns on the ALJ's credibility determination regarding plaintiff's numerous subjective complaints. Credibility determinations concerning a claimant's subjective complaints is peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987); *see also Payne v. Commissioner*, No. 08-4706, 2010 WL 4810212, at * 3-4 (6th Cir. Nov. 18, 2010). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility

great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009).

The ALJ found that plaintiff's testimony regarding her functional limitations was not fully credible:

> Regarding the claimant's testimony, I find that[] her testimony of limitations is neither consistent with nor supported by the medical evidence of record; her testimony was not consistent with her presentation at the hearing at which she sat without apparent discomfort for 90 minutes; and her testimony that her carpal tunnel syndrome produced pain on either side of her wrists rather than her fingers and hands is not consistent with the nature of the condition and is not supported by the medical evidence of record.
>
> After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the residual functional capacity for the reasons explained below.
>
> The claimant is able to care for herself and three children, one of which is a toddler. She does not follow medical advice regarding weight loss, smoking cessation or proper sleep hygiene. None of the claimant's treating physicians (either physical or mental) have limited her in regards to work-related activities despite her repeated requests for "disability" papers.

(A.R. 27). It was appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). Plaintiff's activities

included driving, cooking, laundry, shopping for groceries and providing care for her three children, which undercut her claims of disabling functional limitations. (A.R. 18, 764-80). It was appropriate for the ALJ to consider plaintiff's failure to follow prescribed treatment. *See Sias v. Secretary of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988). Plaintiff was non-compliant with medical instructions to stop smoking, lose weight, and reduce her caffeine and alcohol intake. (A.R. 25, 299-300, 317, 335, 346, 546, 598, 611-12, 619-21, 639). The ALJ credibility finding is supported by more than substantial evidence, and the ALJ gave a more than adequate explanation why he found that plaintiff's testimony was not fully credible. *See Rogers v. Commissioner*, 486 F.3d 234, 247-49 (6th Cir. 2007).

**3.**

Plaintiff argues that the ALJ should have found that she was disabled based on the VE's responses to her attorney's questions. (Plf. Brief at 1 and docket # 9-2 at ID #s 22-23). This is a mere reformulation of plaintiff' unsuccessful challenge to the ALJ's credibility determination. Plaintiff's attorney's questions to the VE asked him to assume that the hypothetical person would require "at least three unplanned absences a month on a recurring basis," "need to nap for one to two hours during the course of the workday," and have pain up to a level that she "ought to go to the emergency room two or three times a week," to which the VE responded that there were no jobs that the hypothetical person would be capable of performing. (A.R. 799-800). The ALJ found that plaintiff's testimony was not fully credible and rejected the limitations plaintiff's attorney included in his hypothetical questions. It is well settled that a hypothetical question to a VE need not include unsubstantiated limitations. *See Casey*, 987 F.2d at 1235; *see also Carrelli v. Commissioner*, 390

F. App'x 429, 438 (6th Cir. 2010) ("[I]t is 'well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.'") (quoting *Casey*, 987 F.2d at 1235). The ALJ was not bound by the VE's testimony in response to hypothetical questions posed by plaintiff's attorney, which had accorded full credibility to plaintiff's subjective complaints. The VE does not determine a claimant's medical restrictions or how they impact on the claimant's residual functional capacity -- that is the ALJ's job. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987). The ALJ, having found that plaintiff's subjective complaints were not fully credible, was not bound in any way by a VE's response to a hypothetical question from the plaintiff's attorney incorporating a contrary assumption.

**4.**

Plaintiff argues that the ALJ erred in "throwing out any consideration of [her] fibromyalgia." (Plf Brief at 1). The ALJ did not disregard plaintiff's fibromyalgia. He found that the one document in the administrative record offering a diagnosis of fibromylgia was not entitled to great weight:

> Records dated November 5, 2007 indicate that the claimant's degenerative disc disease with fibromyalgia symptoms were severe. An examination revealed severely limited lumbar flexion and tenderness in the shoulders, upper arms, quadriceps, and paravertebral muscles (Exhibit 18F)[A.R. 546-47]. This is the first and only time fibromyalgia is mentioned. Fibromyalgia is a specific condition that requires specific medical findings. There is no evidence in the record that the claimant has widespread pain *in combination* with tenderness at 11 or more of the eighteen specific tender points, thus this one time diagnosis of fibromyalgia is not given great weight.

(A.R. 25). A review of the document in question reveals that the ALJ was extraordinarily generous in characterizing it as offering a diagnosis of fibromyalgia.[3] A resident physician described plaintiff's subjective complaints as "fibromyalgic symptoms" (A.R. 546) and the physician reviewing the resident's work added the following notation: "? fibromyalgia." Thus, any "diagnosis" of fibromyalgia was far from certain. "The principal symptoms [of fibromyalgia] are 'pain all over,' fatigue, disturbed sleep, stiffness, and -- the only symptom that discriminates between it and other diseases of a rheumatic character-- multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch." *Huffaker v. Metropolitan Life Ins. Co.*, 271 F. App'x 493, 500 n.2 (6th Cir. 2008) (quoting *Hawkins v. First Union Corp. Long-Term Disability Plan*, 326 F.3d 914, 916 (7th Cir. 2003)). It was entirely appropriate for the ALJ to give little weight to a passing mention of fibromyalgia that was not supported by any specific observations regarding trigger points. *See e.g.*, *May v. Astrue*, No. C 09-5591, 2010 WL 3947502, at * 11 (W.D. Wash. Oct. 6, 2010); *Andreas v. Commissioner*, No. 1:08-cv-170, 2009 WL 427377, at * 4 (W.D. Mich. Feb. 18, 2009).

---

[3]"[A] diagnosis of fibromyalgia does not automatically entitle [a claimant] to disability benefits . . . ." *Vance v. Commissioner*, 260 F. App'x 801, 806 (6th Cir. 2008); *see Infantado v. Astrue*, 263 F. App'x 469 (6th Cir. 2008); *Arnett v. Commissioner*, 76 F. App'x 713 (6th Cir. 2003). "'Some people may have a severe case of fibromyalgia as to be totally disabled from working . . . but most do not and the question is whether [the claimant] is one of the minority.'" *Vance v. Commissioner*, 260 F. App'x at 806 (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's request that this matter be remanded to the Commissioner for consideration of new evidence under sentence six of 42 U.S.C. § 405(g) be denied. I further recommend that the Commissioner's decision be affirmed.


Dated:   January 12, 2011         /s/  Joseph G. Scoville
                                  United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).